NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR ERNESTO MONTEJO, AKA Salvador Ernesto Montejo Morales,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | Nos.  16-72380<br>        19-71895<br><br>Agency No. A074-824-326<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

In this consolidated case, Salvador Ernesto Montejo, a native and citizen of

El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's ("IJ") decision denying

his application for cancellation of removal (petition No. 16-72380) and the BIA's

_____

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order denying his motion to reopen and terminate proceedings (petition No. 19-71895). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part petition No. 16-72380, and deny petition No. 19-71895.

As to petition No. 16-72380, Montejo does not challenge the agency's determination that his conviction for a crime of domestic violence renders him ineligible for cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider Montejo's unexhausted contentions regarding ineffective assistance of counsel and voluntary departure. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to petition No. 19-71895, the BIA did not abuse its discretion in denying Montejo's motion to reopen to apply for new relief, where he had the opportunity to apply during his proceedings before the IJ, *see* 8 C.F.R. 1003.2(c)(1), and he has failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), to support his claim of ineffective assistance of counsel, *see Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003) ("[b]efore

making an ineffective assistance of counsel claim, an alien generally must comply with procedural requirements [of] *Matter of Lozada*").

The BIA did not abuse its discretion in denying Montejo's motion to terminate, because Montejo's contentions that the IJ lacked jurisdiction over his proceedings are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887, 889, 895 n.4 (9th Cir. 2020) (notice to appear "need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing").

As stated in the court's October 5, 2016 and September 6, 2019 orders, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION NO. 16-72380 DENIED in part; DISMISSED in part.**

**PETITION NO. 19-71895 DENIED.**